UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NHELTA KAYREN

        Plaintiff,

V.                                            CIVIL ACTION NO

ARS NATIONAL SERVICES, INC.

Defendant.                                  AUGUST 24, 2010

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Ft. Washington, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a collector within the MCDCA.

7. Defendant is a collection agency engaged in the business of collecting debts in the State of Maryland with a principal place of business located at 9940

FRANKLIN SQUARE DRIVE, SUITE D, WHITE MARSH, MD 21236.

8. Defendant and is authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant communicated with Plaintiff one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt.

10. The Plaintiff received a collection letter from the Defendant attempting to collect a credit card debt that was allegedly used by Plaintiff for personal, family or household use.

11. Defendant made or caused to be made automated voicemail messages to be left on the Plaintiff's phone.

12. Defendant's voicemail message, purposefully left out any information that Defendant, was a debt collector or that the call had been made for the purpose of collecting a debt. The Fair Debt Collection Practices Act specifically requires that a debt collector disclose in all communications with a debtor that the message is from a debt collector. See 15 U.S.C. § 1692e (11). *Edwards v. Niagara Credit Solutions, Inc*. (11th Cir. 2009).

13. The Plaintiff contacted the Defendant via telephone on or about August 12, 2010, in response to the Defendants collection attempts via telephone and in writing. .

14. The Plaintiff called to dispute the amount of the alleged debt, because she knew there was no possible way that she could owe the Defendant the amount of debt they claimed she owed and Defendant advised the Plaintiff that she could not orally dispute this debt, which statement is false, deceptive and misleading in violation of §1692e.

15. Defendant through their collection agent who identified herself as "Tiffany" advised the Plaintiff that her account principal balance was $1,106.52, $38.53 in interest and $ 474.00 in collection fees.

16. Defendant through their collection agent Tiffany advised the Plaintiff that "We can get rid of the collection fees because we charged them on you."

17. Defendant violated §1692f (1), the collection of any amount, (including any interest, fee charge, or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

18. The Defendant's collection fee of $474.00 charged by the defendant ARS National Services Inc. is not permitted by contract signed creating the consumers obligation nor authorized by Maryland Law.

19. The Defendant intentionally charged a collection fee, in excess of the original principal balance created by the Plaintiff, and during the telephone conversation, between the Plaintiff and the Defendant's collection agent, immediately waived the $473.00 collection fee to show a good faith effort, on Defendant's part, to induce the Plaintiff into making a payment arraignment, that was viewed as 50% off the amount originally owed.

20. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e and f.

SECOND COUNT:

21. The allegations of the First Count are repeated and realleged as if fully set forth herein.

22. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

23. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages pursuant to the FDCPA.

2. Award Plaintiff statutory damages pursuant to MDCDCA.

3. Award Plaintiff costs of suit and a reasonable attorney's fee.

4. Award such other and further relief as this Court may see fit.

                THE PLAINTIFF

                BY/S/Bernard T. Kennedy
                Bernard T. Kennedy, Esquire
                The Kennedy Law Firm
                P.O. Box 657
                Edgewater, MD 21037
                Ph   (443) 607-8901
                Fax (443) 607-8903
                Fed. Bar # Md26843
                bernardtkennedy@yahoo.com